Minshall, J.
The suit below was commenced April 24, 1889, by the plaintiff, Martin Eichelberger, to recover of the defendant, Joshua Townsend, the sum of $189.50 collected by him in his capacity as sheriff of Darke county, in the years 1857, 1858 and 1859, on the sale of certain lands in partition, the plaintiff being one of the tenants in common and entitled to that sum from the proceeds. He avers that the entire sum had been collected, and was due him in July, 1859, the date of the last payment. He further avers that at the time of the partition pro *214 ceeding’s he was a minor of the age of ten years, and did not reside in the state and never did; and had no information in regard to the matter or of his rights, until informed by his uncle in the year 1888; and could not have had, by reason of separation from his relatives and residence in other states. That in April, 1889, he made a demand on the defendant for payment, which was refused. The defendant demurred on the ground that the claim is barred by the statute of limitations; the demurrer was sustained, and the plaintiff not desiring to plead further, judgment was rendered for the defendant, which, on error, was reversed by the circuit court. The defendant below, Townsend, claims that the court erred in reversing the judgment, and asks that the judgment of the circuit court be reversed and that of the common pleas affirmed.
There is, as we think, no ground for the claim that the receipt of the money by the sheriff and his duty to pay it to the parties entitled, constitute him a trustee of a continuing and subsisting trust, within the meaning of the rule in equity, incorporated in our statute, section 4974, Revised Statutes, taking such trusts out of the operation of the statute of limitations. It is settled by the decisions of this court. Carpenter v. Canal Co., 35 Ohio St., 317; Douglas v. Corry, 46 Id., 349. And see the recent case of Webster v. Bible Society, 50 Ohio St., 1, where the question is again fully examined, and it is held that the duty of an executor to pay a legacy is not such a trust. The action to enforce the liability is at law, either upon the bond, or, as adopted in this case, against the sheriff individually, for money had and received to the use of the plain *215 tiff; and its commencement is therefore limited, as are all similar actions.
But it is claimed on the authority of Keithler v. Foster, 22 Ohio St., 27, that the statute did not begin to run until the demand was made, which, as averred, was shortly before the commencement of the action. There is no averment in the petition, of any fraud or concealment on the part of the defendant, adopted for the purpose of preventing knowledge on the part of the plaintiff. The sale on partition was necessarily a public act, and the plaintiff had the same means of knowledge in regard to it and the receipt of the money by the sheriff, possessed by persons in general. Webster v. Bible Society, surpra.
The circumstances which will excuse making a demand in a reasonable time and arrest the running of the statute, are such as arise out of the acts and conduct of the defendant, and not out of the circumstances and condition of the plaintiff, when laboring under no disability, such as coverture or infancy. To make a case excusing demand within the period for commencing the action, he should have averred fraud or concealment by the defendant, preventing knowledge on his part of the receipt of the money; which is not done. Demand is required as a protection to the defendant against needless litigation, and when there is no fraud or concealment of the ground of action, the failure to make it does not affect the running of the statute. Douglas v. Corry, supra. The money was received by the sheriff in 1859, the plaintiff became of age in 1868, and the action was commenced in 1889, or twenty-one- years after he became of age. So that under the rule in Keithler v. Foster, the action was barred before its com *216 mencement, as twenty-one years had elapsed since the plaintiff became of age, and the presumption as to a demand arose some fifteen years before the suit was commenced.
Much stress is placed on the ignorance of the plaintiff as to his rights and his absence from the state. But it is well settled that absence of the plaintiff from where the facts arose, or his residence in remote and secluded parts, making it difficult or impossible to obtain information, in no case affects the running- of the statute against him. The reason is thus stated by Justice Bradley, in the case of Broderick’’s Will, 21 Wall., 503, 519. ‘‘Parties cannot, by their seclusion from the means of information, claim exemption from the laws that control human affairs, and set up a right to open up all the transactions of the past. The world must move on, and those who claim an interest in persons or things must be charged with the knowledge of their status and condition and of the vicissitudes to which they are subject.” Extreme cases may be put and arise in practice. But such cases cannot be adopted as the test of any general rule. We must assume that such possibilities engaged the attention of the legislature, and if it did not see fit, in the enactment of the law, to provide for them, we must assume that it was for a reason sufficient in the minds of the members not to do so. It is not the province of the courts to make exceptions to meet cases not provided for by the legislature. It is no longer the habit of courts to view with disfavor the plea of the statute of limitations. Being statutes of repose, designed to secure the peace of society and protect the individual from being prosecuted upon stale claims, they are to be construed in the spirit of their en- *217 ac.tment. The plea does not necessarily admit the existence of the demand. It is entirely consistent with the claim that the demand -has been satisfied, and the evidence lost by lapse of time.

Judgment of the circuit court reversed and that of the common fleas affirmed.